IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACKIE G. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-385-MJR |
| | ) |
| WILLIAMSON COUNTY, ILLINOIS, | ) |
| MANDY COMBS, MARY KILLMAN, | ) |
| and CASA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Jackie G. Miller, by and through his attorney Joshua M. Bradley, has filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. The action was commenced on March 26, 2014, and the filing fee has been paid in full. The complaint alleges that Plaintiff is currently in custody in Williamson County, awaiting the resolution of one or more pending criminal charges (Doc. 2, ¶ 12).[1] As such, this case is subject to a preliminary review by the Court pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] This is the third action filed by Plaintiff in this Court arising out of his detention in Williamson County. Each of these was filed by Attorney Bradley. Previously, Plaintiff filed two habeas corpus actions. He requested immediate release from custody in *Miller v. Williamson County Correctional Center, et al.*, Case No. 13-cv-1078-DRH (S.D. Ill., filed Oct. 17, 2013, and dismissed Jan. 21, 2014). He then sought an order to dismiss all criminal charges against him in Williamson County, in *Miller v. Williamson County Correctional Center, et al.*, Case No. 14-cv-333-DRH (S.D. Ill., filed March 14, 2014, and dismissed April 9, 2014). Soon after he filed the instant action, Plaintiff filed a petition for a writ of mandamus on April 10, 2014, *Miller v. Williamson County, Illinois*, Case No. 14-cv-424-MJR, which is currently pending before the undersigned Judge. In that case, he seeks the disclosure of documents related to his pending cases.

>   (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   >   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   >   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

## The Complaint

The instant complaint contains many of the same allegations Plaintiff made in his previously-rejected petitions for habeas corpus relief. Plaintiff now seeks compensatory and punitive damages for the alleged violations of his constitutional rights in connection with the pending Williamson County charges.

The complaint is not a model of clarity. Plaintiff references four separate felony

cases which have been brought against him in Williamson County: Case Nos. 10-CF-347, 2012-CF-57, 2012-CF-59, and 2013-CF-102; he also faces a Williamson County misdemeanor charge: Case No. 12-CM-363 (Doc. 2, p. 2; Doc. 2-1, p. 7). In Franklin County, he was charged with two felonies in Case No. 11-CF-236 (Doc. 2-1, pp. 1-3).

The documents from the Franklin County case indicate that petitioner was charged with aggravated domestic battery and unlawful restraint in June 2011 (Doc. 2-1, p. 1). He was quickly released on cash bond, which was revoked in July 2011. He was re-released on a recognizance bond on September 6, 2011, to obtain medical treatment. A condition of his release was that he have no contact with witness Patricia Russell. On February 17, 2012, the Franklin County State's Attorney filed a Second Petition to Revoke Bond alleging that petitioner had communicated numerous times with Ms. Russell in a harassing manner between December 9, 2011, and February 14, 2012. *Id*. According to Plaintiff, his bond was reinstated in that Franklin County case after the alleged victim/witness failed to appear in court, and he was again released, presumably in February 2012 (Doc. 2, ¶ 9; Doc. 2-1, p. 10).

Soon after Plaintiff's release in Franklin County, the Williamson County State's Attorney filed new charges against Plaintiff. The complaint does not state which of the cases contained these new charges, nor does it disclose the specific offense(s) charged. Plaintiff claims these charges were based upon the same allegations (communicating with Ms. Russell) that had prompted the Franklin County Second Petition to Revoke Bond (Doc. 2, ¶ 8; Doc. 2-1, p. 10). Further, he alleges that the Williamson County State's Attorney knew that the petition to revoke bond had been dismissed, yet brought the charges anyway, in violation of Illinois Rule of Professional Conduct 3.8 (Doc. 2, ¶ 11). He attaches an affidavit from an Assistant Franklin County State's Attorney, Phillip Butler, attesting that the "charges brought in Williamson County

relate to the exact and cover the same time period as alleged in the Petition to revoke bond that was charged in Franklin County" (Doc. 2-1, p. 10). This Affidavit references all four of the Williamson County felony cases listed above.

Moving on to the issue of Plaintiff's detention, he states that "previously," he had been held for 185 days in the Williamson County Correctional Facility on the misdemeanor charge(s) in Case No. 2012-CM-363 (Doc. 2, ¶7). He does not specify when that detention began or ended, nor does he disclose whether or how that misdemeanor case was resolved, or what relation (if any) it has to the charges that duplicated the Franklin County case.

Plaintiff attaches a Motion to Quash Arrest in Williamson County Case No. 2013-CF-102 (Doc. 2-1, pp. 4-6). This document states that at the time it was filed on November 6, 2013, Plaintiff was being held in the Williamson County Jail on that felony charge. He states that the conduct which gave rise to the charge (an incident between Plaintiff and his former spouse, presumably Patricia Russell) occurred "shortly after [he] pled guilty in Franklin County, Illinois and was released" (Doc. 2-1, p. 4). The complaint also references this Franklin County plea agreement, but gives no further information on it[2] (Doc. 2, ¶12). Also on November 6, 2013, Plaintiff filed a Motion to Release and Dismiss (Doc. 2-1, pp. 7-9), seeking release from custody and dismissal of all the charges in the four Williamson County felony cases (Nos. 10-CF-347, 2012-CF-57, 2012-CF-59, and 2013-CF-102). The basis for this request was that the Williamson County State's Attorney had filed a charge against Plaintiff after he had been released from custody on the Franklin County Petition to Revoke Bond; that the charge was brought in violation of Illinois Rule of Professional Conduct 3.8; and this violation tainted all the charges against him (Doc. 2-1, p. 7).

---

[2] Because no other Franklin County case is mentioned, the Court presumes the referenced guilty plea was for the domestic battery and unlawful restraint charges involving Patricia Russell in Case No. 11-CF-236.

Plaintiff never states when he was released from jail after the above motions were filed. However, he states that he was "re-arrested" on February 7, 2014, and is currently being held in Williamson County (Doc. 2, ¶18). Again, he does not disclose which of the previously-listed pending cases (if any) led to this latest arrest, but states he "is being held on a Class 3 Felony, Intimidation of a Public Official" (Doc. 2, ¶19). He further complains that his bond on the intimidation charge was originally set at $100,000.00 on February 9, 2014, and was then increased to $1 million on February 10, 2014, on motion of the State (Doc. 2, ¶¶20, 21).

Plaintiff alleges that his bond is excessive, his speedy trial rights were violated, certain Williamson County charges were improperly brought after the same allegations were dismissed in Franklin County, and this misconduct as well as numerous discrepancies in the Williamson County cases have tainted all the pending charges there. For these violations, he seeks damages from municipal Defendant Williamson County, individual Defendants Mandy Combs (a Williamson County Assistant State's Attorney) and Mary Killman (an employee of the State's Attorney and CASA), and from Defendant CASA (a not-for-profit organization of which Defendant Killman is a member and employee) (Doc. 2, pp. 1, 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

For the convenience of the Court, Plaintiff's claims for relief are summarized below in numbered counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** The $1 million bond under which Plaintiff is currently held is excessive and violates the Eighth Amendment (Doc. 2, ¶22);

**Count 2:** The Williamson County State's Attorney brought charges against Plaintiff which duplicated the Franklin County bond revocation allegations even though the State's Attorney knew that the bond-revocation petition had been dismissed, in violation of the Illinois Rules of Professional Conduct (Doc. 2, ¶¶8, 11, 13, 14);

**Count 3:** The Williamson County State's Attorney's (and his office's) misconduct "has tainted the entirety of the cases against the Plaintiff, wherein he is not able to receive a hearing free from relief" (Doc. 2, ¶14);

**Count 4:** Plaintiff was held "on his previous case" (Williamson County Case No. 2012-CM-363) for 185 days, in violation of his speedy-trial rights (Doc. 2, ¶¶7, 16); and

**Count 5:** Plaintiff has been subjected to "numerous discrepancies including, but not limited to, the failure to bring charges timely, that charges have disappeared and reappeared," and "there are charges now pending for which he has never received an arraignment" (Doc. 2, ¶17).

As an initial matter, the complaint does not include any specific allegations against any of the named Defendants. To the extent Plaintiff attributes any of the described actions to a specific person, that person is the "Williamson County State's Attorney," namely, as disclosed in the prior habeas actions, Charles Garnati. Mr. Garnati is not a named Defendant herein. Under a generous reading of the complaint, the Court may presume that where Plaintiff uses this designation, he means to refer to Defendant Combs, an Assistant State's Attorney. However, the complaint includes no allegations whatsoever against Defendants Killman, Williamson County, or CASA.[3]

Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir.

---

[3] CASA is the acronym for Court Appointed Special Advocates of Williamson County, a non-profit organization which provides volunteers, appointed as officers of the court, to advocate for children involved in court proceedings. *See* www.casawilliamsoncounty.com (last visited April 18, 2014).

1983)." Further, plaintiffs are required to associate specific defendants with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff has not included any allegations against Defendants Killman, Williamson County, or CASA in his complaint, thus he has not adequately stated claims against these parties, or put them on notice of any claims that he may have against them.

Further, in order to obtain relief in a civil rights action against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). None of Plaintiff's allegations suggest that an official policy, custom, or practice of the municipality of Williamson County caused the State's Attorney or any other Defendant to violate his rights.

However, even if Plaintiff were to correct these pleading defects, his claims would fail on their merits.

**Dismissal of Count 1 – Excessive Bail in Violation of the Eighth Amendment**

Plaintiff's bail was set by the judge who presided over his case in the Williamson County Circuit Court. The court increased his bail to $1 million in response to the State's motion, yet the judge also considered (and denied) Plaintiff's motion for reduction of his bond (*See* Doc. 10-2 in Plaintiff's second habeas case, No. 14-cv-333-DRH).[4] Therefore, the ultimate target of Plaintiff's excessive bail claim is the circuit judge who entered the bail order.

Plaintiff cannot maintain a civil rights suit against the judge who set his allegedly excessive bail, because judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L. Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Without a doubt, determining and setting the amount of bail for a criminal defendant in custody is a judicial act. Similarly, "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes activities that are "intimately associated" with the judicial process, such as being heard on the issue of bail relating to a pending prosecution.

Further, an overriding problem with this claim for damages for the alleged unconstitutionality of the court order setting bail, is that a lower federal court does not have jurisdiction to review orders of state courts. "Once a court issues an order, the collateral bar

---

[4] Plaintiff has been charged with more than one offense apparently involving his former wife, pled guilty to one or more of those charges in Franklin County, and now faces new charges of intimidation of a public official. As he noted in his most recent habeas petition, he admittedly missed a court appearance in the past, although he claims his attorney misinformed him that he was not required to appear (See Case No. 14-cv-333-DRH; Doc. 8). This Court denied habeas relief in part because the record did not show the state court acted arbitrarily in setting bail at $1 million.

doctrine prevents the loser from migrating to another tribunal in search of a decision he likes better." *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300 (1955)). As the *Homola* court observed, "if a suit seeking damages for the execution of a judicial order is just a way to contest the order itself, then the *Rooker-Feldman* doctrine is in play," and the suit should be dismissed for lack of jurisdiction. *See also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil rights action for damages for allegedly unconstitutional conviction or imprisonment cannot be maintained unless the judgment of conviction has first been reversed, expunged or declared invalid); *Haas v. Wisconsin*, 109 F. App'x 107 (7th Cir. 2004) (affirming dismissal for lack of jurisdiction of § 1983 claim for damages, injunctive, and declaratory relief based on allegedly unconstitutional municipal court orders).

By all indications, Plaintiff's criminal charges are still pending in Williamson County, and the state court is the proper forum to address any matters relating to his bail. **Count 1** shall be dismissed with prejudice, for lack of jurisdiction, as barred by judicial and prosecutorial immunity, and ultimately, because the complaint fails to state a claim upon which relief may be granted.

**Dismissal of Count 2 – Prosecutor Brought Duplicate Charges in Violation of Ethical Rules**

Again, the Williamson County State's Attorney and Defendant Combs are immune from a civil rights suit for damages arising out of their prosecution of Plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994) (prosecutor is absolutely immune for actions taken as advocate); *see also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probable cause, or even on the

basis of false testimony or evidence"). If Plaintiff believes he has been subjected to double jeopardy in violation of the Fifth Amendment, he must raise that issue in state court.

Further, even if the prosecutor violated the Illinois Rules of Professional Conduct, such a violation would not give rise to a constitutional claim. A federal court does not enforce state law or regulations. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied*, 489 U.S. 1065 (1989). The Illinois ethics rule cited by Plaintiff, Rule 3.8, sets standards of conduct for public prosecutors, particularly where the prosecutor's action would affect the constitutional rights of a criminal defendant.[5] However, this Court is unaware of any authority stating that a violation of this rule, even if proven, is *per se* a violation of the corresponding constitutional right.

Count 2 shall be dismissed with prejudice.

**Dismissal of Count 3 – Prosecutorial Misconduct has Tainted all Plaintiff's Cases**

Plaintiff claims that the State's Attorney's misconduct has tainted his cases such that he "is not able to receive a hearing free of relief." The Court takes this to mean that Plaintiff believes he will not be able to get a fair trial on his pending charges. This claim against the prosecutor, like the claim in Count 2, fails because the State's Attorney and his assistant are immune from a suit for money damages. Aside from that problem, the allegations are speculative and raise concerns that the state courts are fully competent to address, either in the

---

[5] The official comment to the Illinois Rules of Professional Conduct includes the language quoted by petitioner ("The States Attorney in his official capacity is the representative of all people, including the defendant, and it was as much his duty to safeguard the constitutional rights of the defendants [sic] those of any other citizen. *People v. Cochran*, 313 Ill. 508, 526 (1924)." (Doc. 2, ¶13). The comment further states that, "Rule 3.8 is intended to remind prosecutors that the touchstone of ethical conduct is the duty to act fairly, honestly, and honorably."

pending prosecution or on appeal, should Plaintiff be convicted. Count 3 shall accordingly be dismissed with prejudice.

**Count 4 – Violation of Speedy Trial Rights**

As with the claim in Count 1, Plaintiff seeks an award of damages based on order(s) entered by the state court judge, which kept Plaintiff in custody pending the resolution of a criminal charge. The complaint does not disclose the ultimate disposition of that misdemeanor charge (Williamson County Case No. 2012-CM-363). However, because Plaintiff is requesting damages for his allegedly unconstitutional imprisonment, this claim appears to be barred by the doctrine of *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original).

If Plaintiff was convicted in Case No. 2013-CM-363, presumably his time spent in custody would have been credited against his sentence. A civil judgment awarding him damages for a speedy trial violation would seem to call into question the validity of that sentence, as well as the conviction. *See Logan v. Laterzo*, 24 F. App'x 579, 581 (7th Cir. 2001). The minimal and confusing facts in the complaint do not suggest that Plaintiff's conviction or

sentence have been invalidated by another court. Nor can the Court conclude, based on the record before it, that the success of Plaintiff's claim would not impugn the validity of a criminal judgment against him.

Further, even if the speedy trial claim were allowed to proceed, the claim for damages is barred by prosecutorial and/or judicial immunity. Accordingly, Count 4 shall be dismissed with prejudice.

**Dismissal of Count 5 – Failure to Timely File Criminal Charges; Failure to Hold Arraignment**

The claims regarding irregularities in the charging and prosecution of the cases pending against Plaintiff are again directed against the State's Attorney, and like the claims above, must fail because the State's Attorney and Defendant Combs are immune from suit over their prosecution of criminal charges. If indeed there are charges against Plaintiff on which he has not been arraigned, that is a matter to be taken up before the presiding state court judge, not this Federal District Court. Count 5 shall also be dismissed pursuant to § 1915A.

**Disposition**

For the reasons stated above, **COUNTS 1-5** are **DISMISSED** with prejudice. All claims having been dismissed pursuant to 28 U.S.C. § 1915A, this entire action is also **DISMISSED** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff should seek leave to appeal *in forma pauperis* (IFP), his motion for leave to appeal IFP should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does

choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 22, 2014**

s/ MICHAEL J. REAGAN
United States District Judge